# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
FELIX RAMIREZ,

                              Plaintiff,

      -against-

BYRAN TRANSPORT LLC.,
WILLIAMS JACKSON,

                              Defendants.
------------------------------------------------------------------------X

Index No.:
Date of Purchase:

Plaintiff designates
BRONX County
as the place of trial

The basis for venue is
Place of Occurrence.

**SUMMONS**

Place of Occurrence:
95-I Westbound Cross Bronx
Expressway, near Park Avenue,
County of Bronx, City and
State of New York

TO THE ABOVE NAMED DEFENDANTS

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Rosedale, New York
       May 6, 2021

Yours, etc.,

**ALEX YADGAROV & ASSOCIATES, P.C.**

By:_____
    ALEX YADGAROV, ESQ.
    Attorneys for Plaintiff
    **FELIX RAMIREZ**
    One Cross Island Plaza, Suite 203
    Rosedale, NY 11422
    Tel: (718) 276-2800
    Our File No.: 231-21-030

TO: **BYRAN TRANSPORT LLC.**
237 Hubbard Street
Glastonbury, CT 06033

**BYRAN TRANSPORT LLC.**
401 Sigourney Street
Hartford, CT 06112

**BYRAN TRANSPORT LLC.**
54 Hillside Street
Manchester, CT 06042

**WILLIAMS JACKSON**
237 Hubbard Street
Glastonbury, CT 06033

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
FELIX RAMIREZ,

                               Plaintiff,

    -against-

BYRAN TRANSPORT LLC.,
WILLIAMS JACKSON,

                              Defendants.
------------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

       Plaintiff, **FELIX RAMIREZ,** appearing by and through his attorneys **ALEX YADGAROV & ASSOCIATES, P.C.,** sets forth and alleges upon information and belief as follows:

       1.     That at all times hereinafter mentioned, and on Friday, February 12, 2021, plaintiff, FELIX RAMIREZ, was and still is a resident of the County of Kings, City and State of New York.

       2.     That at all times hereinafter mentioned, and on Friday, February 12, 2021, the defendant, BYRAN TRANSPORT LLC., was and still is a Domestic Corporation or other business entity, duly organized and existing under and by virtue of the laws of the State of New York that transacted business in the State of New York on a regular, continuous, and systematic basis.

       3.     That at all times hereinafter mentioned, and on Friday, February 12, 2021, the defendant, BYRAN TRANSPORT LLC., was and still is a Foreign Corporation or other business entity, duly organized and existing under and by virtue of the laws of the State of New York that transacted business in the State of New York on a regular, continuous, and systematic basis.

       4.     That at all times hereinafter mentioned, and on Friday, February 12, 2021, defendant WILLIAMS JACKSON, was and still is a resident of the County of Hartford, State of Connecticut.

5. That at all times hereinafter mentioned, and on Friday, February 12, 2021, defendant, BYRAN TRANSPORT LLC., committed the negligent acts complained of herein within the State of New York.

6. That at all times hereinafter mentioned, and on Friday, February 12, 2021, defendant, WILLIAMS JACKSON, committed the negligent acts complained of herein within the State of New York.

7. That at all times hereinafter mentioned, and on Friday, February 12, 2021, Plaintiff, FELIX RAMIREZ, was the operator of the 2006 ACURA motor vehicle bearing New York State registration number HKM9223.

8. That at all times hereinafter mentioned, and on Friday, February 12, 2021, defendant, BYRAN TRANSPORT LLC., was the owner of realty within the State of New York.

9. That at all times hereinafter mentioned, and on Friday, February 12, 2021, defendant, BYRAN TRANSPORT LLC., was the owner of the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A.

10. That at all times hereinafter mentioned, and on Friday, February 12, 2021, the defendant, BYRAN TRANSPORT LLC., maintained the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A.

11. That at all times hereinafter mentioned, and on Friday, February 12, 2021, the defendant, BYRAN TRANSPORT LLC., managed the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A.

12. That at all times hereinafter mentioned, and on Friday, February 12, 2021, the defendant, BYRAN TRANSPORT LLC., controlled the 2008 FREIGHTLINER motor vehicle bearing Connecticut State registration number 68120A.

13. That at all times hereinafter mentioned, and on Friday, February 12, 2021, the defendant, WILLIAMS JACKSON, was the operator of the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A.

14. That at all times hereinafter mentioned, and on Friday, February 12, 2021, the defendant, WILLIAMS JACKSON, was the operator of the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A, with the implied knowledge and/or consent of defendant, BYRAN TRANSPORT LLC.

15. That at all times hereinafter mentioned, and on Friday, February 12, 2021, the defendant, WILLIAMS JACKSON, was the operator of the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A, with the actual knowledge and/or consent of defendant, BYRAN TRANSPORT LLC.

16. That at all times hereinafter alleged, and on Friday, February 12, 2021, the defendant, WILLIAMS JACKSON, maintained the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A.

17. That at all times hereinafter alleged, and on Friday, February 12, 2021, the defendant, WILLIAMS JACKSON, managed the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A.

18. That at all times hereinafter alleged, and on Friday, February 12, 2021, the defendant, WILLIAMS JACKSON, controlled the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A.

19. That at all times hereinafter alleged, and on Friday, February 12, 2021, the defendant, WILLIAMS JACKSON, was and still is an employee of the defendant, BYRAN TRANSPORT LLC.

20. That at all times hereinafter alleged, and on Friday, February 12, 2021, the defendant, WILLIAMS JACKSON, was in the course of his employment with defendant, BYRAN TRANSPORT LLC.

21. That at all times hereinafter mentioned, and on Friday, February 12, 2021, 95-I Westbound BRONX EXPRESSWAY, near PARK AVENUE, was and still is a public highway and a road in the County of Bronx, City and State of New York.

22. That on Friday, February 12, 2021, at approximately 12:00 a.m., at the aforementioned location, the aforesaid 2006 ACURA motor vehicle operated by Plaintiff, FELIX RAMIREZ, was rear-ended by the aforesaid 2008 FREIGHTLINER tractor truck owned by defendant, BYRAN TRANSPORT LLC., and operated by defendant, WILLIAMS JACKSON.

23. That as a result of the aforesaid contact, Plaintiff, FELIX RAMIREZ, was seriously injured and suffered significant damages.

24. That the aforesaid contact and resulting accident were caused by the negligent acts of the defendants, BYRAN TRANSPORT LLC., and WILLIAMS JACKSON, in the ownership, operation, use, management, maintenance and control of the 2008 FREIGHTLINER tractor truck bearing Connecticut State registration number 68120A.

25. That the aforesaid contact between the aforesaid 2006 ACURA operated by plaintiff, FELIX RAMIREZ, and the 2008 FREIGHTLINER tractor truck owned by defendant, BYRAN TRANSPORT LLC., and operated by defendant, WILLIAMS JACKSON, and the resulting accident were caused solely by reason of the negligence of the above named Defendants without any fault or negligence on the part of the plaintiff, FELIX RAMIREZ, contributing thereto.

26. Defendants were negligent, and careless in the ownership, use, operation, management, maintenance, supervision and control of the aforesaid 2008 FREIGHTLINER tractor truck. Defendants

were otherwise negligent and careless under the circumstances then and there prevailing. The aforementioned occurrence and Plaintiff's serious injuries and resultant damages, were caused jointly and/or severally by the negligence of the defendants, BYRAN TRANSPORT LLC., and WILLIAMS JACKSON, in the ownership, use, operation, management, maintenance and control of their respective 2008 FREIGHTLINER tractor truck, to wit: in negligently operating said 2008 FREIGHTLINER motor vehicle at the excessive rate of speed; in failing to keep proper lookout for traffic conditions then presenting; in failing to keep proper and safe distance; in failing to operate said vehicle in accordance with and pursuant to the rules of the road; in disregarding traffic regulatory devices including but not limited to traffic signs, controls and speed limits; in failing to keep said vehicle under proper control; in causing and permitting said 2008 FREIGHTLINER tractor truck to be operated over and along the aforedescribed public highways at an excessive rate of speed and/or at a greater speed than care and caution would permit under the circumstances and conditions then existing to the knowledge of the defendants; in operating said vehicle in a manner contrary to and in violation of the laws, statutes, ordinances, rules, and regulation of the City and State of New York, including but not limited to the New York State Vehicle and Traffic Law and Chapter 34 of the Rules & Regulations of the City of New York [Traffic Rules and Regulations]; in failing to make timely and proper use of adequate brakes, turning signal devices and steering mechanisms; in failing to check and properly regulate the speed of the aforesaid vehicle so as to unnecessarily and carelessly expose Plaintiff, to foreseeable injuries and harm; in operating said vehicle in a such a negligent and/or reckless manner so as to precipitate the complained of accident to occur without any contribution on the part of the Plaintiff thereto whatsoever; and in otherwise being careless and negligent in the ownership, use, operation, management, maintenance, supervision and control of the Defendants' vehicle in contravention of the laws and rules of the State and City of New York, thereby substantially causing serious injury to plaintiff, FELIX RAMIREZ.

27. Defendants, BYRAN TRANSPORT LLC., and WILLIAMS JACKSON, violated all applicable sections of the New York State Vehicle and Traffic Law and the New York City Traffic Rules and Regulations concerning the safe and proper operation of a motor vehicle upon the public ways and streets of the State of New York including but not limited to Vehicle and Traffic Law Sections 375, 1101, 1102, 1105, 1110, 1111, 1113, 1115, 1120, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1130, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1160, 1161, 1162, 1163, 1164, 1166, 1170, 1171, 1172, 1173, 1174, 1175, 1176, 1180, 1180-a, 1181, 1182, 1192, 1200, 1201, 1202, 1203, 1203-b, 1210, 1211, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220, 1220-a, 1221, 1222, 1223, 1225, 1225-a, 1226, 1227, 1228, 1229, 1229-b, 1229-c, 1250, 1251, 1252, and 1252 of the Vehicle and Traffic Law of the State of New York and Sections 4-03, 4-04, 4-05, 4-06, 4-07, 4-08, 4-09 and 4-12 of the Traffic Regulations of the City of New York, along with all other applicable Statutes, Ordinances, Rules and Regulations.

28. That as a proximate cause or substantial factor of the above negligent and reckless acts and omissions and/or statutory negligence of the defendants, BYRAN TRANSPORT LLC., and WILLIAMS JACKSON, the plaintiff FELIX RAMIREZ, was caused to sustain "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York, in that Plaintiff sustained: a fracture and/or a significant disfigurement; a permanent loss of use of a body organ or a member, function and/or a significant limitation of use of a body function and/or system and/or medically determined injury or impairment of non-permanent nature which prevents him from performing substantially of the material acts which constitutes the usual and customary daily activities for not less than ninety (90) days during the one hundred eighty (180) days immediately following the occurrences of the injury or impairment.

29. That by reason of the Defendants' negligence and the subject occurrence, Plaintiff sustained serious personal injuries that required medical treatment, medication, rehabilitation and other medical services. In addition, Plaintiff was caused to suffer great physical pain, shock and mental anguish;

and, that Plaintiff's injuries and his effects and residual consequences, upon information and belief, are permanent in nature and have been and shall continue to be in the future the cause of physical pain and mental anguish.

30. That the said serious injuries sustained by the Plaintiff were caused solely by the negligence of the Defendants and without any negligence on the part of the Plaintiff.

31. That by reason of the above, and upon information and belief, Plaintiff was and remains physically unable to perform his usual and customary daily activities and/or customary occupation, which he was able to perform without restrictions before the accident.

32. That as a direct result of the aforementioned accident, the Plaintiff sustained economic loss greater than basic economic loss as defined by Section 5104 of the Insurance Law of the State of New York, in that, all hospital and medical bills unpaid by no-fault insurance and/or resulting medical liens incurred as a consequence of the complained of accident were and are claimed as special damages by the Plaintiff and upon information and belief, the injured Plaintiff shall in the future continue require medical care and therapy, and accordingly shall become liable for such future medical expense for an indefinite period of time into the future.

33. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules applies to the within action.

34. That at all times hereinafter mentioned, Plaintiff was wearing a seat belt and was in compliance with the New York State Vehicle and Traffic Law Section 1229-c.

35. That by reason of the foregoing, Plaintiff has been damaged in sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff, FELIX RAMIREZ, seeks monetary damages and judgment against the defendants, BYRAN TRANSPORT LLC., and WILLIAMS JACKSON, as set forth above, in the amount

that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with interest where applicable herein, and the costs and disbursements of this action. And such other and further relief as to the Court may seem just, proper and equitable.

Dated: Rosedale, New York
      May __6__, 2021

                        Yours, etc.,

                        **ALEX YADGAROV & ASSOCIATES, P.C.**

                        By: _____
                            ALEX YADGAROV, ESQ.
                            Attorneys for Plaintiff
                            **FELIX RAMIREZ**
                            One Cross Island Plaza, Suite 203
                            Rosedale, NY 11422
                            Tel: (718) 276-2800
                            Our File No.: 231-21-030

## ATTORNEY VERIFICATION

**ALEX YADGAROV, ESQ.** an attorney duly licensed to practice to law in the Courts of New York, under penalties of perjury, affirms the following to be true:

That I am counsel for Plaintiff(s): **FELIX RAMIREZ**.

That I have reviewed the foregoing Summons and Verified Complaint.

That the same is true and correct to the best of my own knowledge based upon client conferences and based upon the file maintained by me.

That the reason this verification is made by me and not by my client is that client resides in a county other than where my office is situated.

Dated: Rosedale, New York
       May _6_, 2021

_____
ALEX YADGAROV, ESQ.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
================================================================

FELIX RAMIREZ,

                                      Plaintiff,

    -against-

BYRAN TRANSPORT LLC.,
WILLIAMS JACKSON,

                                    Defendants.
================================================================

## SUMMONS and VERIFIED COMPLAINT

================================================================

**ALEX YADGAROV & ASSOCIATES, P.C.**
Attorneys for Plaintiff
**FELIX RAMIREZ**
One Cross Island Plaza, Suite 203
Rosedale, NY 11422
Tel: (718) 276-2800
Our File No.: 231-21-030

================================================================

TO:    **BYRAN TRANSPORT LLC.**
        237 Hubbard Street
        Glastonbury, CT 06033

        **BYRAN TRANSPORT LLC.**
        401 Sigourney Street
        Hartford, CT 06112

        **BYRAN TRANSPORT LLC.**
        54 Hillside Street
        Manchester, CT 06042

        **WILLIAMS JACKSON**
        237 Hubbard Street
        Glastonbury, CT 06033